# LEVI HUEBNER & ASSOCIATES, PC
### ATTORNEYS AND COUNSELORS AT LAW

535 DEAN STREET, SUITE 100
BROOKLYN, NY 11217
TEL: (212) 354-5555
FAX: (718) 636-4444

EMAIL: NEWYORKLAWYER@MSN.COM

March 30, 2016

**Via ECF To:**

Hon. Nina Gershon
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *David Huebner v. Douglas Lapin*, **16-cv-00316 (NG-SMG)**

Dear Judge Gershon:

Our office is counsel to Plaintiff David Huebner in the within matter.

Pursuant to 28 U.S.C.A. § 1447:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Plaintiff requests a pre-motion conference to move for attorney's fees due to the frivolous applications of Defendant.

**Procedural History**

Plaintiff duly commenced an action in the New York Supreme Court seeking to enforce a promissory note executed by the Defendant, Douglas Lapin ("Lapin") and duly served Lapin.

On or about January 21, 2016 Lapin filed a Notice of Removal alleging diversity jurisdiction. Thereafter, by letter dated February 1, 2016, Lapin requested a pre-motion conference seeking to move by pre-answer motion to dismiss the within action. Subsequently, by letter dated February 16, 2016 Plaintiff moved for a pre-motion conference seeking to remand this case to State court. On February 17, 2016 and finally on February 18, 2016, Your Honor issued an electronic order setting a pre-motion conference for March 30, 2016 at 2:30 p.m. Subsequently, by letter dated February 22, 2016 Lapin objected to Plaintiff's request for a pre-motion conference and **sought sanctions** against Plaintiff.

Thereafter, on or about February 18, 2016 before the pre-motion conference was held, before this Court ruled on federal subject-matter jurisdiction, and without meeting and conferring with the undersigned, in violation of NY Judiciary Law § 90 [10] counsel for the Defendant, Jason Rebhun served a Subpoena upon Collette M. Landers, Esq. of the Grievance Committee

for the 2nd Department, (the "Improper Subpoena"). Thus, by letter motion dated February 25, 2016 Plaintiff moved to quash the Improper Subpoena. By electronic order dated February 26, 2016 Magistrate Judge Steven M. Gold granted Plaintiff's motion to quash the Improper Subpoena.

Thereafter, on March 24, 2016 Your Honor issued an Order questioning the basis of Lapin's Notice of Removal. On March 29, 2016 without submitting a proposed order, Lapin filed a letter indicating that he consents to remand.

To date Plaintiff has incurred attorney's fees because his counsel has expended in excess of 11 hours due to the Lapin's Improper Subpoena and Notice of Removal.

For the foregoing reasons and pursuant to 28 U.S.C.A. § 1447, Plaintiff respectfully requests that this Court award Plaintiff reasonable attorney's fees and such other relief which this Court deems just and proper.

                    Respectfully submitted,

                    Levi Huebner & Associates, PC

                    / s / Levi Huebner

                    _____
                    By: Levi Huebner

LH:aj

Via ECF To:

Jason Rebhun, Esq.
Law Offices of Jason J. Rebhun, P.C.
225 Broadway, 38th Floor
New York, NY 10007