FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 1 3 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID HUEBNER,

       **Plaintiff,**　　　　　　　　　　　　16 cv 316 (NG) (SMG)

    -against-

       　　　　　　　　　　　　　　　　**ORDER**

DOUGLAS LAPIN,

       **Defendant.**
------------------------------------------------------------x

**GERSHON, United States District Judge:**

For the reasons set forth below, plaintiff's request for a pre-motion conference on a motion for attorney's fees is denied, defendant's request for leave to amend the notice of removal is denied, and this case is remanded to State court.

**Procedural Background**

Defendant filed a notice of removal (the "Notice") on January 21, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Notice alleged that defendant is a United States citizen domiciled in Haiti, a fact which precludes diversity jurisdiction, as defendant is not a "citizen of a State" or a "citizen[] or subject[] of a foreign state" under the meaning of 28 U.S.C. § 1332. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Neither party addressed this deficiency in the Notice in their pre-motion letters regarding a proposed motion to dismiss (defendant) and a proposed motion to remand (plaintiff). A pre-motion conference was scheduled for March 30, 2016. The court brought defendant's failure to state facts establishing diversity to the parties' attention in an order dated March 24, stating that unless the parties consented to remand, they were to prepare to address the deficient notice at the conference. Order, March 24, 2016, ECF 10. On March 29, defendant filed a letter agreeing to

remand the matter to State court and cancel the scheduled conference. On March 30, Plaintiff filed a letter requesting a new pre-motion conference on a request for attorney's fees. On March 31, defendant responded with a letter that sought leave to amend the notice of removal to allege federal question jurisdiction. Plaintiff replied on April 5.

**Attorney's Fees**

Plaintiff requests a pre-motion conference on a request for attorney's fees pursuant to 28 U.S.C. §1147(c). That statute enables the court to impose "just costs and actual expenses" on a removing party where there is no objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). In deciding whether to impose fees, the court should recognize that §1147(c) is intended to deter removing parties from using removal to prolong litigation and impose costs on the opposing party. *Id.*

Here defendant alleged in the notice of removal that he was a United States citizen domiciled in Haiti. It is well-settled—although perhaps not intuitive—that this court cannot exercise diversity jurisdiction over a United States citizen domiciled abroad; however, plaintiff did not raise this argument. When the court brought the error in the notice of removal to the parties' attention, defendant consented within a matter of days; his concession meant that both parties were spared the need to appear at the March 30th conference. I find, therefore, that while defendant lacked an objectively reasonable basis for removal, the circumstances do not indicate that he removed this case to "prolong litigation and impose costs on plaintiff." In this instance, imposition of attorney's fees would not further the purpose of §1147(c). I also decline to consider plaintiff's argument that sanctions may be warranted under Rule 11 because defendant made what plaintiff claims are false representations about defendant's residence. This court will

not engage in ancillary fact-finding or credibility determinations in a dispute over which it does not have jurisdiction.

**Amendment**

Defendant's request for leave to amend the Notice is denied, as a removing party may not amend a notice of removal to correct a substantive defect after the time for removal has expired. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001); *Valente v. Garrison From Harrison LLC*, No. 15 cv 6522, 2016 WL 126375, at *1-2 (E.D.N.Y. Jan. 11, 2016).

The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, Kings County, and to send a certified copy of this order to the clerk of State court.

Dated: Brooklyn, New York
       April 13, 2016

                                                            **SO ORDERED.**


                                                            /s/ Nina Gershon
                                                            **NINA GERSHON**
                                                            **United States District Judge**